**IN THE UNITED STATES DISTRICT COURT FOR THE
NORTHERN DISTRICT OF FLORIDA
TALLAHASSEE DIVISION**

EDUARDO PAZOS HERNANDEZ,
A# 023-612-633,

    Petitioner,

vs.                                      Case No. 4:17cv425-MW/CAS

JEFF SESSIONS, et al.,

    Respondents.

_____/

## ORDER and REPORT AND RECOMMENDATION

On September 21, 2017, the pro se Petitioner initiated this case by submitting a petition for writ of habeas corpus pursuant to 28 U.S.C. § 2241. ECF No. 1. Service of the petition was directed, ECF No. 5, and Respondents have now filed a motion to dismiss the petition as moot. ECF No. 11.

Petitioner is a native and citizen of Cuba who had entered the United States in 1980 as part of the Mariel Boatlift. ECF No. 1 at 4. Petitioner was ordered removed from the United States on February 18, 2010. *Id.* Petitioner was taken into ICE custody on March 17, 2017, after criminal

charges were dropped following Petitioner's arrest for domestic battery. *Id.* Petitioner had been in custody for just over six months at the time the petition was filed. Petitioner alleged that Respondents would be unable to remove him "to Cuba because there is no repatriation agreement between the United States and Cuba, and Cuba will not accept its citizens who have been ordered removed from the United States." *Id.* at 6. Petitioner sought release from detention under Zadvydas v. Davis, 533 U.S. 678 (2001).

In response, Respondents advise that the petition is moot because Petitioner was released under an order of supervision. ECF No. 11. Attached to the motion is an exhibit revealing that Petitioner was released from detention on October 18, 2017. ECF No. 11-1. Therefore, because Petitioner has been afforded the relief sought, release from detention, this § 2241 petition should now be dismissed as moot.

Additionally, two prior Orders were entered in this case requiring Petitioner to "immediately file a notice to the Clerk's Office in the event he is transferred, released, or his address otherwise change[d]." ECF Nos. 3, 5. It appears that Petitioner was released approximately six weeks ago, but never advised this Court of that fact. Petitioner has apparently abandoned this litigation in light of his release from detention.

The motion to dismiss contains a certificate of service which indicates the document was provided to Petitioner at "his address of release, 9024 NW 114th Street, Hialeah Gardens, Florida 33018." ECF No. 11 at 4. The Clerk of Court shall forward this Report and Recommendation to Petitioner at that address. If Petitioner disputes that this case is moot, he must immediately file "objections" and a notice of change of address.

**ORDER**

The Clerk of Court shall mail this Report and Recommendation to Petitioner at 9024 NW 114th Street, Hialeah Gardens, Florida 33018.

**REPORT AND RECOMMENDATION**

In light of Petitioner's apparent abandonment of this case and Respondents' demonstration that Petitioner has been released, it is respectfully **RECOMMENDED** that the § 2241 petition be **DISMISSED as moot** since Petitioner has been granted the relief sought in the petition.

**IN CHAMBERS** at Tallahassee, Florida, on December 1, 2017.

    S/    Charles A. Stampelos
**CHARLES A. STAMPELOS**
**UNITED STATES MAGISTRATE JUDGE**

## NOTICE TO THE PARTIES

**Within fourteen (14) days after being served with a copy of this Report and Recommendation, a party may serve and file specific written objections to these proposed findings and recommendations. Fed. R. Civ. P. 72(b)(2). A copy of the objections shall be served upon all other parties. A party may respond to another party's objections within fourteen (14) days after being served with a copy thereof. Fed. R. Civ. P. 72(b)(2). <u>Any different deadline that may appear on the electronic docket is for the Court's internal use only and does not control.</u> If a party fails to object to the Magistrate Judge's findings or recommendations as to any particular claim or issue contained in this Report and Recommendation, that party waives the right to challenge on appeal the District Court's order based on the unobjected-to factual and legal conclusions. *See* 11th Cir. Rule 3-1; 28 U.S.C. § 636.**